UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>ERIC LINO         )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 03CR10377 WGY<br><br>VIOLATIONS:<br><br>21 U.S.C. § 846--<br>    Conspiracy to Distribute<br>    Cocaine<br><br>21 U.S.C. §841(a)(1)--<br>    Distribution of Cocaine |

## INDICTMENT

COUNT ONE:    (Title 21, United States Code, Section 846--
              Conspiracy to Distribute Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about June 2001, and continuing thereafter until at least June 2003, at Mashpee, Falmouth, and New Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

ERIC LINO

defendant herein, did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:**      (21 U.S.C. § 841(a)(1)--Distribution Of Cocaine)

The Grand Jury further charges that:

On or about June 18, 2003, at Falmouth, in the District of Massachusetts,

**ERIC LINO**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## **FORFEITURE ALLEGATION**

### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the narcotics offenses alleged in Counts One and Two of this Indictment,

### ERIC LINO

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations including, but not limited to, the following:

    (a) a 2000 Cadillac Escalade, bearing Massachusetts Registration No. 19EK03, registered in the name of Gerard Senac;

    (b) one Yamaha Waverunner jet ski, #GP800X and GP80824030; and

    (c) one Yamaha Waverunner jet ski (with jet ski trailer, MA Reg. 900562), #GP1200X and GU00806444.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraphs 1 and 2.

  All in violation of Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853.

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
ASSISTANT U.S. ATTORNEY

DEC 11 2003

DISTRICT OF MASSACHUSETTS; DECEMBER    , 2003.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK
12-11-03 at 10:55 Am