

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                *United States Courthouse, Suite 9200*
                                                *1 Courthouse Way*
                                                *Boston, Massachusetts 02210*

January 21, 2004

BY HAND

Barry P. Wilson, Esq.
240 Commercial Avenue
Boston, MA 02109

      Re:  United States v. Eric Lino
           Criminal No. 03-10377-WGY

Dear Mr. Wilson:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

    1.    Statements of Defendant under Rule 16(a)(1)(A)

        a.    Written Statements

    There are no relevant written statements of the defendant Eric Lino (hereinafter referred to as "the defendant") in the possession, custody, or control of the government.

        b.    Recorded Statements

    Consensual tape-recordings were made of personal meetings and telephone conversations involving the defendant and a confidential source (the "CS") and/or an undercover DEA Task

Force Agent, Dean Fredericks (the "UC").[1] These tapes/CDs are available for your review and a copy of them is enclosed in accordance with the index attached as Exhibit 1. Consensual tape-recordings were also made of telephone conversations involving the defendant and Nicole Roderigues, and others, while the defendant was at Plymouth House of Corrections. These tapes/CDs are available for your review and a copy of them is enclosed in accordance with the index attached as Exhibit 1. In addition, a videotape was made of the June 18, 2003 sale of cocaine to the UC and the CS. This videotape is available for your review and a copy of it enclosed in accordance with the index attached as Exhibit 1. A copy of the tapes will also be sent to the institution at which the defendant is being held in accordance with LR 116.4.

In addition, the government will be providing in the next day or so three additional tapes that are in the process of being reviewed and copied.

c.  Grand Jury Testimony of the defendant

The defendant did not testify before the grand jury. Nor am I aware of any other statements made by him to law enforcement agents other than answers to the standard booking questions that would have been posed to him after his arrest. If I become aware of any such additional statements, I will advise you at once.

d.  Oral Statements to then Known Government Agents

Other than booking statements referenced in the preceding paragraph, I am presently unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, which the government intends to use at trial. If I become aware of any such statements, I will advise you immediately.

2.  Defendant's Prior Record under Rule 16(a)(1)(B)

I understand that you received a copy of the prior criminal record of the defendant from Pretrial Services. Please contact me if you need a duplicate copy.

---

[1] The government does not intend on calling the CS in its case-in-chief and therefore declines to provide any identifying information regarding the CS.

2

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items that are within the possession, custody, and control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this matter, or were obtained from or belong to the defendant, may be examined by contacting the undersigned Assistant United States Attorney and making an appointment to view the same at a mutually convenient time.

4. <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

A copy of the DEA-7 laboratory report relating to the cocaine purchased from the defendant on June 18, 2003, is included in Exhibit 2. Also included in Exhibit 2 are copies of DEA-7 laboratory reports concerning additional drugs seized in this case.

Should we be unable to reach a stipulation as to the results of the examination of the drugs seized in this case, the government plans to offer testimony concerning the results of the laboratory analysis of the drug exhibits.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

No search warrants were conducted in this case of property belonging to the defendant. Consensual searches were conducted at 110 Seabrook Avenue, East Falmouth, MA, and 300 Falmouth Rd., Apt. 16 D, Mashpee, MA. Copies of the signed consent forms and inventory reports regarding those consensual searches are included in Exhibit 2. Any items seized during the consent searches or from the defendant at the time of his arrest may be examined by appointment in accordance with paragraph 3 above and a copy of any agency reports describing any inventory search will be provided to you upon receipt by this office.

The government is not in possession of reports related to the seizures of evidence in this case that it anticipates offering in its case-in-chief beyond those items otherwise described in this letter.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D.  <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

As discussed above, this case involved the use of consensual monitored meetings and conversations that were recorded. Although summaries of some conversations have been prepared (and, as is indicated above, are being provided to you in Exhibit 2), no formal transcripts of these tapes (either draft or final) are presently available. Any such transcripts that are prepared will be made available to you in accordance with Local Rule 116.4(B). Although not required by Local Rule 116.1(C)(1)(d)(i), the government is also producing the DEA-6 reports relating to these consensual recordings and other contacts with the defendant relating to the offenses described in the Indictment. These reports are also included in Exhibit 2.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>



F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo-spread or other display of an image of the defendant. In the event I become aware that such a procedure was used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G.  <u>Exculpatory Evidence under Local Rule 116.2</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

4

1. The government is aware of no evidence that would tend directly to negate the defendants' guilt concerning any count in the Indictment.

2. The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3. Three of the defendant's co-conspirators testified before a grand jury in connection with this case -- Lance Gill, Edward Libby, and Gerard Senac. Senac and Libby received proffer letters from the government, which are attached as part of Exhibit 3. Copies of the DEA-6 reports of interviews with Senac and Libby are attached as part of Exhibit 2.

Senac was told by the government that his grand jury testimony would be conducted pursuant to the same terms as his proffer letter. Libby has state cocaine distribution charges pending in Barnstable County arising from this investigation. Libby was told that his cooperation in this case would be brought to the attention of the Barnstable County District Attorney's Office in that case.

The government is unaware of any other promises, rewards, or inducements that have been given to any witness whom the government anticipates calling as part of its case-in-chief. I enclose copies, as part of Exhibit 3, of the criminal records of Gill, Libby, and Senac.

4. Other than the witnesses described above, the government is unaware that any of its named case-in chief-witnesses has any criminal record or criminal cases pending.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the indictment.

H.   Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one. In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

I.  Request for Alibi Information

Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offense or any of the above-captioned meetings or conversations.

If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3355.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Peter K. Levitt
PETER K. LEVITT
Assistant U.S. Attorney

Enclosures

cc: Bonnie Smith, Courtroom Clerk to
    U.S. District Court Judge William G. Young (w/o encl.)
    (with information regarding co-conspirators redacted)