

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*       *United States Courthouse, Suite 9200*
                                       *1 Courthouse Way*
                                       *Boston, Massachusetts 02210*

October 26, 2004

**VIA FAX**
Barry P. Wilson, Esq.
240 Commercial Street, Suite 5A
Boston, MA 02109

    **Re: United States v. Eric Lino, 03-CR-10377-WGY**

Dear Mr. Wilson:

    The government hereby provides you with the following discovery pursuant to Local Rule 116.2(B)(2)(a through g):

**DISCLOSURES REQUIRED UNDER LOCAL RULE 116.2(B)(2)**

    The government has already provided you with all the discovery presently in its possession required by this Rule or made this material available for your inspection and review.

**TRANSCRIPTS**

    The government is working on transcripts of various recorded telephone calls and conversations for use at trial. When the transcripts are complete, the government will produce them forthwith.

**JENKS ACT MATERIALS**

    The government previously provided the grand jury transcripts of Edward J. Libby, Jarrid J. Senac, Lance Gill, and Dean Fredericks.

**WITNESS AND EXHIBIT LISTS**

    As required by the Rules, the Government shall provide its Witness and Exhibit List on November 8, 2004, as currently scheduled by the pre-trial order or seven days prior to trial should the trial be postponed for any reason.

**ADDITIONAL EXPERT DISCOVERY**

The government previously provided the DEA 7 pertaining to the cocaine purchased from the defendant. The government will request the CV and notes of the chemist who tested the cocaine in this case. These materials will be provided to the defense upon receipt by the government. The government will also provide the same information pertaining to the cocaine Ms. Roderigues attempted to conceal on or about July 31, 2003.

**DEFENDANT'S DISCOVERY**

The government has received no discovery from the defendant to date. Please produce any reciprocal discovery forthwith.

**ALIBI**

The government made a request for alibi information on January 21, 2004. No response from defendants have been received. The government reiterates that request.

**ADDITIONAL MATTERS**

1.) The government anticipates it will offer evidence at trial of the attempt made by Nicole Roderigues on or about July 31, 2003 to conceal approximately 112 grams of cocaine near a trash dumpster close to her home in East Falmouth, MA. The government expects to call two witnesses who observed Ms. Roderigues's actions, as well as the state chemist who tested the cocaine. The government expects to receive information from the Barnstable County District Attorney's Office, including the names of the witnesses and chemist, in the next day or two. A copy of the Falmouth Police report pertaining to this incident is enclosed. The government will provide any other discoverable information pertaining to this incident as soon as it receives such information.

2.) <u>Gerard Senac</u>

Mr. Senac, an anticipated government witness, is currently taking Methadose for pain, Lexipro for depression and anxiety, and Trazadone for a sleep condition. Mr Senac periodically smokes cocaine. He last smoked cocaine about one month ago. Mr. Senac suffers from memory impairment, which was discussed extensively during his appearance at the grand jury. Mr. Senac also suffers from blackouts and Fukue States, which according to Mr. Senac are periods when he forgets where he is or what he is

doing.  I will ask Mr. Senac if he is willing to release his medical records and let you know his response.  Mr. Senac's criminal record is enclosed.  I have requested the police report for his most recent case, which involves a charge of breaking and entering is still pending.  I will provide you a copy of the report when I receive it from the Barnstable County District Attorney's Office.

3.)  <u>Edward Libby</u>

　　　Mr. Libby, an anticipated government witness, sold marijuana while a high school student.  He currently has a civil capias pending against him arising from a car loan default.  Mr. Libby informed me that he went as far as the ninth grade in school, but the notes of a prosecutor formerly assigned to the case suggest Mr. Libby may have previously discussed the eleventh grade.  Mr. Libby is currently employed by his father.  I will have Mr. Libby asked if he reports the money he earns by working with his father to the IRS and report and let you know his response.

4.)  <u>Other Witnesses</u>

　　　The government has filed requests with various law enforcement agencies seeking any exculpatory evidence or other information that may be discoverable with regard to anticipated law enforcement witnesses.  If any such information is brought to the attention of the undersigned, the defense will be notified immediately.  The government expects to interview a number of potential trial witnesses over the next several days.  If the government learns of additional discoverable information pertaining to any witness, it will be furnished to the defense immediately.

5.)  <u>Tax Returns</u>

　　　The government has taken steps to obtain the defendant's tax returns for 2003 through 2003.  If the government receives the returns and decides to offer them into evidence, copies will be provided to the defense.

6.)  <u>Stipulations</u>

　　　The government is willing to stipulate that the white substance purchased from the defendant on or about February 10, 2003 and on or about June 18, 2003 is cocaine.  This will alleviate the need for the government to call the DEA chemist as a witness.  The government also is willing to stipulate that the white substance Nicole Roderigues attempted to conceal near the

dumpster close to home is cocaine.  This will alleviate the need for the government to call the State chemist.  The government would also consider stipulating to the defendant's employment status and income during the period of the charged conspiracy, as well as to the admissibility of the defendant's bank records for the same period.  The government would also consider stipulating that the defendant purchased the Cadillac Escalade with cash and was the owner of the two wave runners found during a search of a storage locker leased by the defendant. The government also would consider stipulating that the defendant procured false pay checks during the period of the conspiracy to make it appear he was lawfully employed.  The government is willing to fashion such a stipulation in such a manner that it is not revealed that the false pay checks were for the purpose of deceiving the defendant's state probation officer.

7.)   The government intends to call Carl J. Romiza as a witness and anticipates Mr. Romiza will testify regarding the statements made by Ms. Roderigues pertaining to the cocaine she attempted to conceal (see enclosed grand jury testimony of Mr. Romiza).

8.)   Enclosed are the following reports and documents:

   a.   Coverage Selection Page (1 page);
   b.   April 14, 2003 letter to Gerard J. Senac from Viveiros Insurance Agency, Inc. (1 page);
   c.   Excise Bill (1 Page);
   d.   National Grange Mutual Insurance Co. Policy Holder Statement (1 page);
   e.   Verizon Wireless bill (1 page);
   f.   RMV Application for renewal (with note) (1 page);
   g.   Transfer Receipt and Rental Agreement (5 pages);
   h.   Vivieros Insurance Agency receipt, two Citizens Bank receipts, and DFM Insurance Agency receipt (1 page);
   i.   Cape Cod Powersports receipt (2 pages);
   j.   Grand Jury testimony of Carl J. Romiza;
   k.   Envelope addressed to Eric Lino (1 page).
   l.   DEA Report of Investigation prepared on 02/11/03 by Dean Fredericks (5 pages);
   m.   Arrest-Custody Report, Falmouth Police Incident Report; Notification of Rights, Suicide Evaluation Form, Personal Property Envelope, Application for Complaint, Recognizance Form (10 pages).

Please noted that I have not provided what appears to be a computer generated list of thirteen females with the last name of "Rodriguez" that accompanied the other paperwork listed at section m above.

    Again, please advise me if you believe that there are any outstanding discovery issues.  Also, please feel free to contact me with any other matters at (617) 748-3392.

                                    Sincerely,

                                    */s/ David G. Tobin*
                                    DAVID G. TOBIN
                                    Assistant U.S. Attorney

Enc.
cc: Elizabeth Smith; Court Clerk to the Honorable William G. Young (w/o enc.)