

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

November 14, 2004

**By FAX**
Barry P. Wilson
240 Commercial Street, Suite 5A
Boston, MA 02109

    Re: <u>United States v. Eric Lino</u>

Dear Mr. Wilson:

    During an interview of Lance Gill conducted late Friday afternoon, November 12, 2004, Mr. Gill stated that he continues to use marijuana and that the use of drugs has "tarnished" his memory.  However, Mr. Gill did not express any inability to recall the events that will be the subject matter of his testimony.

    During separate discussions with counsel for Edward J. Libby and Lance Gill, the undersigned informed counsel that the government (or perhaps the undersigned) had no interest in prosecuting their respective clients.  Subsequent to the above-described discussion with Mr. Gill's attorney, he and his client were informed that the government was seeking an immunity order for Mr. Gill.  At that time, the undersigned informed Mr. Gill's attorney that he should disregard the earlier discussion and that the immunity order would control the situation.  The government is seeking immunity for Gerard Senac, Edward J. Libby, and Lance Gill and anticipates the immunity order (or compulsion order) will be secured prior to the taking of their testimony.  Mr. Senac and Mr. Libby have not been informed of the government's efforts to secure immunity.  An attorney representing Mr. Senac in a pending state case was informed that in the event Mr. Senac claimed a Fifth Amendment privilege during Mr. Lino's trial, there was a possibility that he may be immunized.

    The government intends to introduce evidence that on January

Mr. Wilson  
November 14, 2004  
Page 2

18, 2003, the defendant was stopped by Mashpee Police while riding as a passenger in a 2000 Ford pick-up truck and found in possession of approximately 78.09 grams of cocaine.  The defendant has been charged in Massachusetts Superior Court with various offenses as a result of the seizure of the above-described cocaine.  You represent the defendant on this pending state case.  On November 12, 2004, you were provided with copies of the Mashpee Police Report of Officer John Hanafin, the criminal complaint, and the state drug laboratory report on the testing of the cocaine, shortly after the government received the above-described materials.  You undoubtedly were provided with the same materials previously by state prosecutors.  Officer John Hanafin and state chemist Elisabeth O'Brien appeared on the original Government Witness List.  The government contends that the defendant's possession of the 78.09 grams of cocaine on January 18, 2003, is evidence that tends to prove Count One of the Indictment, that the defendant engaged in a conspiracy to distribute cocaine.

    The government intends to introduce evidence that on October 6, 2002, the defendant was stopped by Massachusetts State Trooper James Bazzinotti while riding as a passenger in a Ford Taurus on Route 25 West in Wareham, Massachusetts.  A total of $20,172 was confiscated from the defendant during the stop of the vehicle.  The money was later returned to the defendant by the Plymouth County District Attorney's Office.  On Friday, November 12, 2004, the government provided you with Trooper Bazzinotti's report and an amended Government Witness List that included Trooper Bazzinotti.  The report was provided to you the same day the undersigned received it from the defendant's former state probation officer.  Please be advised that the government has made efforts to secure information from the Plymouth County District Attorney's office pertaining to the return of the $20,172 to the defendant.  The government anticipates receiving information and paperwork, perhaps including an affidavit by the defendant, pertaining to the return of the money to the defendant.  A copy of all such paperwork will be furnished to the defendant immediately upon its receipt by the undersigned.  The government may call Mary Amrhein or another employee of the Plymouth County District Attorney's Office as a witness to testify about the return of the money to the defendant.

Mr. Wilson
November 14, 2004
Page 3

    Please contact me if you believe there are any outstanding discovery issues.  My direct telephone number is (617) 748-3392.  Thank you.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                By:   <u>/s/ David G. Tobin</u>
                     DAVID G. TOBIN
                     Assistant U.S. Attorney