```
                                                           FILED
                                                        In Open Court
                                                        USDC, Mass
              UNITED STATES DISTRICT COURT              Date 11-15-04
              DISTRICT OF MASSACHUSETTS                 By_____
                                                        Deputy Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>VS. )<br>)<br>ERIC LINO, )<br>  *Defendant.* ) | CRIMINAL NO. 03-10377-WGY |

## MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF ALL EVIDENCE RELATING TO THE DEFENDANT'S JANUARY 18, 2003 ARREST

The Defendant requests that the Court bar the Prosecution from introducing any evidence of the Defendant's January 18, 2003 arrest in Mashpee, Massachusetts for various cocaine related offenses.

As grounds, the Defendant states that the matter is still pending in a state court. It is not a conviction, and even if it were it would be inadmissible as prejudicial evidence of prior bad acts. There is no recognizable exception that would allow for its introduction. The Government did not indict the Defendant for this offense, and it should not be free to troll through cases concurrently pending in the state courts for evidence that it believes will help its case.

There is, in addition, no means for the Prosecution to introduce the evidence. It has not called any witnesses from the Mashpee Police Department, and the reports, by themselves, constitute inadmissible hearsay.

Finally, the Prosecution first indicated its intent to introduce the arrest into evidence on November 10, 2004, two days after the deadline set by the Court in its Pretrial Order. Defense counsel did not receive the actual reports until 4:00 P.M. on Friday, November 12, 2004, three days before trial and also in violation of the Pretrial Order.

-2-

The Defense objects to the Prosecution's sending multiple documents and the names of additional witnesses both in violation of the Court's order and well-near on the eve of trial, when conformance with scheduling requirements matters most. For several days the Defense has been forced to draft defensive motions in limine at a time when its attention should properly be directed elsewhere. Matters are made worse by the overt inadmissibility of much of the Prosecution's proposed evidence.

For these reasons the Defendant requests that the Court bar the Prosecution from introducing any evidence relating to his January, 2003 arrest.

Respectfully submitted,
FOR THE DEFENDANT,

Barry P. Wilson
BBO# 529680
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
Boston, Massachusetts 02109
(617) 248-8979
(617) 523-8700

Dated: 11/12/04