```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                       )
UNITED STATES OF AMERICA               )
                                       )
        v.                             )   Crim. No. 03-10377-WGY
                                       )
ERIC LINO                              )
                                       )
                                       )
```

## GOVERNMENT'S MOTION FOR NOTICE AND
## SCHEDULING ORDER PURSUANT TO 21 U.S.C. § 851

The United States of America, by and through its undersigned counsel, hereby moves that the Court issue an order notifying Defendant of his rights and obligations under 21 U.S.C. § 851 and setting dates for compliance with the statute's procedural requirements. In support of this motion, the government states as follows:

1.  On November 23, 2004, following trial, a jury found Defendant, Eric Lino, guilty of conspiracy to distribute, and to possess with intent to distribute, at least 3.5 kilograms, but less than five kilograms, of cocaine (Count One) and distribution of 55.2 grams of cocaine (Count Two).

2.  Before trial, on December 22, 2003, the government filed an information pursuant to 21 U.S.C. § 851(a), notifying Defendant that he was charged with committing the crimes alleged in Count One and Count Two after having been previously convicted on or about October 26, 2001 in Falmouth District Court, Docket No. 0189CR001819, of Possession with Intent to Distribute a Class B substance (cocaine).  Sentencing is scheduled for February 28,

2004.

   3.   Title 21, United States Code, Section 851 provides in relevant part:

> (b) Affirmation or denial of previous conviction
>
> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
>
> (c) Denial; written response; hearing
>
>    (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information.  A copy of the response shall be served upon the United States attorney.  The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.  The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section.  The hearing shall be before the court without a jury and either party may introduce evidence.  Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.  At the request of either party, the court shall enter findings of fact and conclusions of law.
>
>    (2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information.  The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response.  Any challenge to a prior

conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

    (d) Imposition of sentence

       (1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

       (2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

4.   To facilitate proceedings under 21 U.S.C. § 851, the government respectfully requests that the Court issue an order notifying Defendant of his rights and obligations under the statute and setting deadlines for compliance with its procedural requirements.   A proposed form of order is attached.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          UNITED STATES ATTORNEY

            By:   /s/ William Weinreb
                  WILLIAM WEINREB
                  DAVID TOBIN
                  Assistant U.S. Attorneys
                  One Courthouse Way
                  Boston, MA

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Crim. No. 03-10377-WGY |
| ) | |
| **ERIC LINO** ) | |
| ) | |

### ORDER

On November 23, 2004, a jury found Defendant, Eric Lino, guilty of conspiracy to distribute, and to possess with intent to distribute, at least 3.5 kilograms, but less than five kilograms, of cocaine (Count One) and distribution of 55.2 grams of cocaine (Count Two). Before trial, on December 22, 2003, the government filed an Information pursuant to 21 U.S.C. § 851(a), alleging that Defendant was previously convicted in the Falmouth District Court, Docket No. 0189CR001819, of Possession with Intent to Distribute a Class B substance (cocaine), in violation of M.G.L. 94C, § 32E.

Pursuant to 21 U.S.C. § 851(b)-(d), the Court hereby ORDERS the following:

1. If Defendant denies that he has been previously convicted as alleged in the Information, or denies any other allegation of the Information, or claims that the conviction alleged in the Information is invalid, he shall file a written response to the Information no later than January 31, 2004.  A copy of the response

    shall be served upon the United States Attorney. Any challenge to the prior conviction alleged in the Information which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

2. If Defendant claims that the conviction alleged in the Information was obtained in violation of the Constitution of the United States, Defendant shall set forth his claim, and the factual basis therefor, with particularity in his response to the Information. Any challenge to the prior conviction alleged in the Information, not raised by response to the Information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

3. If Defendant files no response to the Information, or if the Court determines, after hearing, that Defendant is subject to increased punishment by reason of the prior conviction alleged in the Information, the Court shall proceed to impose sentence upon him as provided by Part D of the Uniform Controlled Substances Act, 21 U.S.C. §§ 841-864.

                                                WILLIAM G. YOUNG
                                                CHIEF UNITED STATES DISTRICT JUDGE

Entered: _____