UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS.<br><br>ERIC LINO,<br>_Defendant._ | CRIMINAL NO. 03-10377-WGY |

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS AND FOR CHARGING CONFERENCE

NOW COMES the Defendant in the above-entitled criminal matter and hereby respectfully requests that this Honorable Court give the proposed jury instructions attached to this motion.

The Defendant further requests the Court for a timely and thorough charging conference and for advance warning of the instructions expected to be given by the Court. The Defendant reserves his right to file additional instructions.

Respectfully submitted,
FOR THE DEFENDANT,

/s/ Barry P. Wilson
Barry P. Wilson
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
Boston, MA 02109
617/248-8979
617/523-8700 (fax)
BBO#: 529680

Dated: 11/15/04

## TABLE OF CONTENTS

Duties of the Jury . . . . . . . . . . . . . . . . . . . 1

Nature of Indictment; Presumption of Innocence . . . . . 2

Evidence; Objections; Rulings; Bench Conferences . . . . 3

Credibility of Witnesses . . . . . . . . . . . . . . . 5

Statements by Defendant . . . . . . . . . . . . . . . 6

Presumption of Innocence; Proof Beyond a
Reasonable Doubt . . . . . . . . . . . . . . . . . . . . 7

Defendant's Constitutional Right Not to Testify . . . . 8

What Is Evidence; Inferences . . . . . . . . . . . . . 9

Kinds of Evidence: Direct and Circumstantial . . . . . .10

Credibility of Witnesses . . . . . . . . . . . . . . . .11

Cautionary and Limiting Instructions as to Particular Kinds of Evidence . . . . . . . . . 12

What Is Not Evidence . . . . . . . . . . . . . . . . 13

Conspiracy, 18 U.S.C. § 371; 21 U.S.C. § 846 . . . . . .14

Distribution, 21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . .16

## Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

## Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorney. The defendant, is represented by his/her lawyer,

The defendant has been charged by the government with violation of a federal law. The charge against the defendant is contained in the indictment. The indictment is simply the description of the charge against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charge and denies committing the crime. He/She is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his/her guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that they acted together in committing the crimes charged. But you will have to give separate consideration to the case against each defendant. Do not think of the defendants as a group.

### Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word evidence. Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms direct evidence and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.

You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

## Statements by Defendant

You have heard evidence that the defendant made a statement in which the government claims he/she admitted certain facts.

It is for you to decide (1) whether defendant made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

## Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, has the benefit of that presumption throughout the trial, and you are not to convict him/her of a particular charge unless you are persuaded of his/her guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that [defendant] is guilty of the crime with which he/she is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him/her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to defendant's guilt of a particular crime, it is your duty to acquit him/her of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should vote to convict him/her.

## Defendant's Constitutional Right Not to Testify

The Defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## What Is Evidence; Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

## Kinds of Evidence: Direct and Circumstantial

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## Credibility of Witnesses

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

## Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## What Is Not Evidence

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that this defendant has had an indictment filed against him/her is no evidence whatsoever of his/her guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

## Conspiracy, 18 U.S.C. § 371; 21 U.S.C. § 846

The Defendant is accused of conspiring to distribute more than five (5) kilograms of cocaine. It is against federal law to conspire with someone to commit this crime.

For you to find the Defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute cocaine;

<u>Second</u>, that the Defendant willfully joined in that agreement; and

<u>Third</u>, that the Defendant conspired to distribute more than five (5) kilograms of cocaine during the course of the conspiracy as described in the indictment.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed that is to say, with bad purpose, either to disobey or disregard the law not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that defendant willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if defendant was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she

-14-

willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The Government must prove beyond a reasonable doubt that the Defendant conspired to distribute over five (5) kilograms of cocaine during the course of the conspiracy. To determine this, you may consider the actual amounts of cocaine seized, along with any purchases or expenditures the Defendant might have made during the course of the conspiracy. The government must also prove beyond a reasonable doubt that the Defendant conspired to distribute cocaine. In other words, in determining the question of how much cocaine the Defendant might have conspired to distribute you may not consider the weight or amount of any other controlled substance that was introduced into evidence.

## Distribution of Cocaine; 21 U.S.C. § 841(a)(1)

The Defendant is accused of distribution of cocaine in violation of federal law.

For you to find the defendant guilty of distribution of cocaine, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the substance in question is cocaine;

Second, that the Defendant distributed cocaine; and

Third, that the Defendant distributed the cocaine knowingly or intentionally.

The first element the government must prove beyond a reasonable doubt is that the substance the Defendant allegedly distributed was a controlled substance, in this case cocaine, a class B controlled substance. The government must therefore prove to you beyond a reasonable doubt that the substance the defendant allegedly distributed was in fact cocaine.

The second element the government must prove is that the Defendant distributed some perceptible amount of that substance to another person or persons. The term "distribute" means to actually deliver a controlled substance to another person other than by legally administering or dispensing it.

The word "dispense" means the delivery of a controlled substance to an ultimate user by a practitioner, or pursuant to the order of a practitioner, including the prescribing and administering of a controlled substance

Deliver, in turn, is defined as a transfer of a controlled substance from one person to another whether or not there is an agency relationship. Distribution includes all forms of physical transfer. For example, it is unlawful for a person to even make a gift of a controlled substance. To distribute means what the word commonly or usually means—to hand over to another, or to give away or to transfer ownership from one person to another.

The third element the government must prove beyond a reasonable doubt is that the Defendant not only distributed cocaine, but that he did so knowingly or intentionally. Intent refers to a person's objective or purpose. You may find that the Defendant acted knowingly or intentionally if he did so consciously, voluntarily and purposefully.

A person's knowledge, and his or her intent, is a matter of fact that may or may not be susceptible to proof by direct evidence. If it is not susceptible to proof by direct evidence, then you may resort to proof by circumstantial evidence and the inferences reasonably drawn from that evidence.

If, after considering all of the evidence, you determine that the government has proved beyond a reasonable doubt each of the three elements I have just defined, that is, that the substance at issue here is a controlled substance, specifically, cocaine, that the Defendant distributed it, and that the Defendant did so knowingly or intentionally, then you shall find the Defendant guilty of distribution of a controlled substance.

If, however, after your consideration of all of the evidence you find that the government has not proved any one of the three elements of distribution of a controlled substance beyond a reasonable doubt, then you shall find the Defendant not guilty of distribution of a controlled substance.