UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>VS. )<br>)<br>ERIC LINO, )<br>    _Defendant._ ) | CRIMINAL NO. 03-10377-WGY |

**MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF WITNESSES
WHOSE NAMES WERE NOT PROVIDED IN CONFOMITY WITH THE
COURT'S PRETRIAL ORDER**

The Defendant requests that the Court bar the Prosecution from taking the testimony of witnesses whose identities were provided to the defense in violation of the Court's Pretrial Order of June 2, 2004.[6]

The Order clearly states that the Government was to provide the Defense with the names and addresses of witnesses by November 8, 2004. On November 10, 2004 the Prosecution sent the Defense, by fax, notification of its intent to introduce the testimony of the following witnesses:

1. John Rogizinski
   Barnstable House of Correction

2. Catrina Gonsalves
   Bristol Counry Sheriff's Department

3. Eric Krause
   Falmouth Police Department

4. Dennis Maietta
   Falmouth District Court Probation Department

5. Thomas Cahill[7]

---

[6] See attached.

-2-

The Defense moves that these witnesses be stricken from the Prosecution's witness list. The chief purpose of the Pretrial Order is to provide both sides with a framework that will prevent surprise and trial by ambush. The Prosecution's violation of the order at this late stage is particularly detrimental to the Defense, as it has created additional and unnecessary work and expense. In addition, the Defendant cannot be sure that the Prosecution will not continue adding witnesses and evidence, which further hampers his ability to mount a defense.

The Defendant therefore requests that the Court bar the above witnesses from testifying.

Respectfully submitted,
FOR THE DEFENDANT,

*/s/ Barry P. Wilson*

Barry P. Wilson
BBO# 529680
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
Boston, Massachusetts 02109
(617) 248-8979
(617) 523-8700

Dated: 11/12/04

---

[7] Mr. Cahill will supposedly testify that he recalls selling a Cadillac Escalante. Mr. Cahill is also a client of Defense counsel, Barry P. Wilson.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OCT 22 2004
RECEIVED

UNITED STATES OF AMERICA

v.

ERIC LINO

Criminal
No. 03-10377 -WGY

## PRETRIAL ORDER

**YOUNG, C.J.**

After an Initial Pretrial Conference held on ___6/2/04___, it is hereby ORDERED that:

1. A hearing on any motion to dismiss, suppress, sever, or other issue that must be resolved prior to trial will be held AT A DATE AND TIME TO BE SET

2. Trial shall commence on ___NOV. 15___, 2004 at 9:00 AM

3. The government shall by ___OCT. 25___, 2004[1] disclose to the defendant:

    (a) The exculpatory information identified in Local Rule 116.2 that has not been previously produced; and

    (b) A general description (including the approximate date, time, and place) of any crime, wrong, or act the government proposes to offer pursuant to Fed. R. Evid. 404(b).

4. Pursuant to the agreement of the parties, statements (as defined in 18 U.S.C. § 3500(e) and Fed. R. Crim. P. 26.2(f)) of witnesses each party intends to call in its or his case-in- chief shall be produced by ___Nov. 11___, 2004

5. The parties shall by ___Nov. 12___, 2004 file proposed voir dire questions,

---

[1] This date will ordinarily be 21 days before trial unless the declination procedure provided by L.R. 116.6 has been invoked before the Initial Pretrial Conference. See L.R. 117.1(A)(4). The judge who will preside at trial may, however, establish a date different from any date provided by L.R. 117.1 if the judge determines that there are factors in the particular case that make it in the interests of justice to do so. See L.R. 117.1(B).

proposed jury instructions, any motions in limine with supporting memoranda, and a trial brief.[2] Replies to any motion in limine shall be filed by _____ **Nov. 12 ,2004**

    6.    The government shall by _____ **Nov. 8 ,2004** :[3]

        (a)    Provide the defendant with the names and addresses of witnesses the government intends to call at trial in its case-in-chief. If the government subsequently forms an intent to call any other witness, the government shall promptly notify the defendant of the name and address of that prospective witness.

        (b)    Provide the defendant with copies of the exhibits and a premarked list of exhibits the government intends to offer in its case-in-chief. If the government subsequently decides to offer any additional exhibit in its case-in-chief, the government shall promptly provide the defendant with a copy of the exhibit and a supplemental exhibit list.

    7.    The defendant shall by _____ **Nov. 10 ,2004**[4]

        (a)    Provide the government with the names and addresses of the witnesses the defendant intends to call in his case-in-chief. If the defendant subsequently forms an intent to call any other witness in his case-in-chief, he shall promptly notify the government of the name and address of that witness.

        (b)    Provide the government with copies of the exhibits and a premarked list of the exhibits the defendant intends to offer in his case-in-chief. If the defendant subsequently decides to offer any additional exhibits in his case-in-chief, he shall promptly provide the government with a copy of the exhibit and a supplemental exhibit list

---

The reference to a trial brief should be deleted if it is not appropriate to require that one be filed. See L.R. 117.1(A)(7).

[3] Absent an objection, this date will ordinarily be 7 days before trial. See L.R. 117.1(A)(8). However, if either party objects to the pretrial disclosure of its witnesses, the court will decide whether such disclosure should be ordered. Id.

[4] Absent an objection, this date will ordinarily be 3 days before trial. See L.R. 117.1(A)(9). However, if either party objects to the pretrial disclosure of its witnesses, the court will decide whether such disclosure should be ordered. Id.

8.  The parties shall by __Nov.12 ,2004__ file a written stipulation of any facts that they agree are not in dispute.

9.  The following period(s) of time are excluded for Speedy Trial Act purposes, pursuant to 18 U.S.C. § 3161(h), for the reasons stated at the Initial Pretrial Conference:[5] __10/20/04-11/15/04__

By the Court,

/s/ Elizabeth Smith

__Oct. 20 ,2004__

Deputy Clerk

---

[5] See L.R. 112.2(B)

newcrpto.wpd

3