UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 03-10377-WGY |
| ERIC LINO | ) ) ) | |

### ORDER

On November 23, 2004, a jury found Defendant, Eric Lino, guilty of conspiracy to distribute, and to possess with intent to distribute, at least 3.5 kilograms, but less than five kilograms, of cocaine (Count One) and distribution of 55.2 grams of cocaine (Count Two). Before trial, on December 22, 2003, the government filed an Information pursuant to 21 U.S.C. § 851(a), alleging that Defendant was previously convicted in the Falmouth District Court, Docket No. 0189CR001819, of Possession with Intent to Distribute a Class B substance (cocaine), in violation of M.G.L. 94C, § 32E.

Pursuant to 21 U.S.C. § 851(b)-(d), the Court hereby ORDERS the following:

1. If Defendant denies that he has been previously convicted as alleged in the Information, or denies any other allegation of the Information, or claims that the conviction alleged in the Information is invalid, he shall file a written response to the Information no later than ~~January~~ Feb. 4, 2004. A copy of the response

shall be served upon the United States Attorney. Any challenge to the prior conviction alleged in the Information which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

2. If Defendant claims that the conviction alleged in the Information was obtained in violation of the Constitution of the United States, Defendant shall set forth his claim, and the factual basis therefor, with particularity in his response to the Information. Any challenge to the prior conviction alleged in the Information, not raised by response to the Information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

3. If Defendant files no response to the Information, or if the Court determines, after hearing, that Defendant is subject to increased punishment by reason of the prior conviction alleged in the Information, the Court shall proceed to impose sentence upon him as provided by Part D of the Uniform Controlled Substances Act, 21 U.S.C. §§ 841-864.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF UNITED STATES DISTRICT JUDGE

Entered: Jan 26, 2005