UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4 A 10: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) VS. ) ) ERIC LINO, ) *Defendant.* ) | CRIMINAL NO. 03-10377-WGY |

### DEFENDANT'S MOTION TO EXCLUDE PRIOR CONVICTION FOR SENTENCING CALCULATION

On December 22, 2003 the Government filed an Information pursuant to Title 21 U.S.C. sec. 851 stating that it would submit the Defendant's prior conviction of October 26, 2001 (possession with intent to distribute a Class B substance) for sentencing purposes. The Defendant now moves that this Court exclude the conviction.

As grounds, the Defendant states that the two counts in the superseding indictment - conspiracy to distribute cocaine and distribution of cocaine - contain a timeframe lasting approximately two years, from June, 2001 to June, 2003. The count for distribution identifies a specific date, i.e., June 18, 2003. The Commonwealth now seeks to use a conviction from that time period to enhance his sentence following the jury's guilty verdict. The Defense maintains that this is improper, since the prior conviction occurred during the time frame of the conspiracy, and as such is not a distinct criminal event. "Prior felony drug convictions will be counted separately for purposes of 21

-2-

U.S.C. sec. 841(b) only when they represent distinct criminal episodes." United States v. Pedro De Jesus Mateo, 373 F.3d 70 (1st. Cir. 2004), quoting United States v. Martinez-Medina, 270 F.3d 105, 123 (1st. Cir. 2002).

At trial, the Government introduced evidence - including witness testimony – relating to the events underlying the Defendant's October 26, 2001 conviction. It did this as part of its effort to prove that the conspiracy was to distribute an amount of cocaine above a certain weight. The introduction of this evidence establishes *ipso facto* that the October 26, 2001 conviction was not a "distinct criminal [episode]." The jury evidently believed the evidence and found the Defendant guilty, subjecting him to a sentence under the guidelines. It is starkly unfair for the Government to use that evidence *again* - this time in the form of a "prior" conviction - to increase his sentence.

Furthermore, there is only the one conviction, and it is for the same crime - distribution of cocaine - that was the foundation for the conspiracy charge in the Federal Court. The jury may or may not have believed the evidence regarding the circumstances surrounding the October 26, 2001 conviction, but if they did (and there is no way of knowing) its use here as a sentencing enhancement would amount to double jeopardy in violation of the Defendant's Fifth and Fourteenth Amendment rights under the United States Constitution.

-3-

For these reasons, the Defendant requests that this Court exclude the October 26, 2001 conviction from being used in the calculation of his sentence.

Respectfully submitted,
FOR THE DEFENDANT,

Barry P. Wilson
BBO# 529680
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
Boston, Massachusetts 02109
(617) 248-8979

Dated: 2/3/05