```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                      )
UNITED STATES OF AMERICA              )
                                      )
      v.                              )  Crim. No. 03-10377-WGY
                                      )
ERIC LINO                             )
                                      )
                                      )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**TO EXCLUDE PRIOR CONVICTION FOR SENTENCING PURPOSES**

The United States, by and through undersigned counsel, respectfully submits this opposition to defendant's motion to exclude prior conviction for sentencing purposes. As grounds for this opposition, the government relies on the following.

**BACKGROUND**

On November 23, 2004, following trial, a jury found Defendant, Eric Lino, guilty of conspiracy to distribute, and to possess with intent to distribute, at least 3.5 kilograms, but less than five kilograms, of cocaine (Count One) and distribution of 55.2 grams of cocaine (Count Two). The conspiracy charged in Count One was alleged to have lasted from in or about June 2001 to in or about June 2003.

Before trial, on December 22, 2003, the government filed an information pursuant to 21 U.S.C. § 851(a), notifying Lino that he was charged with committing the crime alleged in Count One after having been previously convicted on or about October 26, 2001 in Falmouth District Court, of a felony drug offense, namely, Possession with Intent to Distribute a Class B substance

(cocaine).  In light of this prior conviction, Lino is subject to a minimum mandatory sentence of 10 years' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) (mandating a minimum sentence of 10 years if the defendant "commits . . . a violation [of 21 U.S.C. § 841(a)(1)(a) involving 500 grams or more of cocaine] after a prior conviction for a felony drug offense has become final").

Lino has now filed a motion in which he argues that his October 26, 2001 conviction may not lawfully be used to enhance his sentence under 21 U.S.C. § 841(b)(1)(B) because it "occurred during the time frame of the conspiracy, and as such is not a distinct criminal event" separate from the conspiracy itself. The only case on which Lino relies, however, expressly *rejected* the very argument he makes here, as has every other case in which the argument has been made.

Lino also alleges that "the Government introduced evidence – including witness testimony – relating to the events underlying the Defendant's October 26, 2001 conviction . . . . as part of its effort to prove that the conspiracy was to distribute an amount of cocaine above a certain weight."  Def't Mot. at 2. Although this allegation, even if true, has no legal significance, it is not true; the government introduced no evidence whatsoever about the facts underlying Lino's 2001 conviction and did not rely on them to prove drug weight.

**ARGUMENT**

In <u>United States v. De Jesus Mateo</u>, 373 F.3d 70 (1st Cir. 2004), the First Circuit considered and rejected the very argument Lino makes here. The defendant in <u>De Jesus Mateo</u> processed heroin and cocaine, and controlled a marijuana "drug point," in a housing project in Puerto Rico. <u>Id.</u> at 71. He was convicted by a jury of "conspiring to possess narcotics with the intent to distribute" from 1990 through the fall of 1997. <u>Id.</u> The government sought an enhanced sentence based on De Jesus Mateo's January 1991 conviction for possession cocaine and November 1991 conviction for possession with intent to distribute marijuana, both of which were felonies. <u>Id.</u> at 73. Like Lino, De Jesus Mateo argued that those prior convictions should not be counted because they were "part and parcel of his participation in the conspiracy." <u>Id.</u> at 74. The district court rejected that argument and imposed a minimum mandatory sentence of life imprisonment.

The First Circuit affirmed. It held that De Jesus Mateo's argument was foreclosed by the court's earlier decision in <u>United States v. Martinez-Medina</u>, 279 F.3d 105 (1st Cir. 2002), in which the court wrote:

> An ongoing course of criminal conduct such as narcotics trafficking may involve many such criminal episodes, each a discrete occurrence. The fact that all are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a "single" criminal episode, particularly where

>       the episodes occur over time.  To so hold would
>       insulate the very career criminals the statute is
>       designed to reach – those continuously engaged in
>       criminal conduct.

279 F.3d at 123.  In <u>Martinez-Medina</u>, the court continued, "we held that the district court properly imposed a life sentence under 21 U.S.C. § 841(b)(1)(A) because the defendant's prior convictions, *although part of one drug trafficking conspiracy*, stemmed from several transactions, occurring several months apart."  <u>De Jesus Mateo</u>, 373 F.3d at 74 (emphasis added).  The same was true, the court held, of De Jesus Mateo's prior convictions.  <u>Id.</u>

The <u>De Jesus Mateo</u> court emphasized that prior felony drug offenses count for 21 U.S.C. § 841(b)(1)(A) purposes "even though this same conduct is within the scope of the conspiracy" of which the defendant is later convicted.  373 F.3d at 75 n.3 (emphasis added).  Thus, the court wrote, "As for any claim that the conspiracy [in De Jesus Mateo's case] comprised the same episode as either of the two prior convictions, the short answer is that the conviction in this case was for conspiring to distribute heroin and cocaine, *an episode continuing well beyond either of the prior convictions* for discrete episodes of possession and distribution.  <u>Id.</u> (emphasis added).  This case cannot be distinguished from <u>De Jesus Mateo</u> and is therefore controlled by it.

In <u>United States v. Garcia</u>, 32 F.3d 1017 (7th Cir. 1994),

4

the Seventh Circuit reached precisely the same result for the same reasons.  The defendant there "pled guilty to a [cocaine] conspiracy lasting from 'early 1990 through at least September 16, 1992.'"  Id. at 1018.  The defendant's sentence was enhanced, pursuant to 21 U.S.C. § 841(b)(1)(A), based on a state conviction for cocaine possession that stemmed from an arrest on October 26, 1990 and became final on March 7, 1991.  Id.  The defendant argued that his possession conviction was not a "prior conviction" under § 841(b)(1)(A) because "the 3.87 grams of cocaine for which he was convicted in state court were merely 'samples' that he carried in furtherance of the conspiracy for which he was convicted in federal court," and thus the prior possession conviction and the conspiracy conviction were part of the same criminal episode.  Id.

    The Seventh Circuit rejected the defendant's argument and affirmed the enhanced sentence.  It relied in part on the "established doctrine that a conspiracy to commit a crime is distinct from the crime itself."  Id. at 1019 & n.1.  It also observed that 21 U.S.C. § 841(b)(1)(A) "states only that it applies to offenses committed after the prior conviction becomes final and makes no exception for related conduct."  Id. at 1019.  Finally, it wrote:  "Considering that the purpose of the mandatory minimum enhancement is to target recidivism, we believe that it is more appropriate to focus on the degree of criminal activity that occurs after a defendant's conviction for drug-

related activity is final than when the conspiracy began." Id. at 1019-20 (citation omitted).

The Sixth Circuit also reached the same result on similar facts in United States v. Hughes, 924 F.2d 1354 (6th Cir. 1991). The defendant there was convicted of felony possession of cocaine after police raided his home on March 4, 1988, and recovered drug residue and drug paraphernalia. Id. at 1355. He was later charged and convicted in federal court of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine from March 1, 1988 to December 6, 1988, and given an enhanced minimum-mandatory sentence of 20 years' imprisonment. Id. at 1355-56. The defendant argued "that his prior state felony drug conviction was for possession of cocaine in connection with the conspiracy to which he pled guilty in the instant case, therefore, the state felony drug conviction does not provide an adequate predicate offense for the enhancement of his sentence." Id. at 1358.

Both the district court and the Sixth Circuit rejected the defendant's argument, reasoning that the state conviction arose from a separate criminal episode. The court wrote:

> An episode is an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration. . . . The possession of cocaine constituted one episode which concluded with the first drug raid on March 4, 1988. In contrast, the conspiracy to possess with intent to distribute cocaine constituted another episode that did not conclude until December 6, 1988.

Id. at 1361-62. The court also reasoned that its holding was

6

"further supported by . . . the statute's legislative purpose to punish recidivists more severely." Id. at 1362.

In sum, to the government's knowledge, every court to consider the question has rejected the argument Lino makes in his motion, finding it contrary to the language and purpose of 21 U.S.C. § 841. This Court is therefore obligated to impose a minimum-mandatory sentence of 10 years upon Lino pursuant to 21 U.S.C. § 841(b)(1)(B) notwithstanding his arguments to the contrary.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY

                By:  /s/ William Weinreb
                        WILLIAM WEINREB
                        DAVID TOBIN
                        Assistant U.S. Attorneys
                        One Courthouse Way
                        Boston, MA